PEDRO GERMÁN ARROYO PRATTS, ETC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, EMINENT DOMAIN DIVISION, DOMINGO RAFFUCCI, JUDGE, Respondent; INSULAR CHAMBER OF WHOLESALE DEALERS, ETC., Intervener.

No. O-69-29.     Decided December 18, 1969.

*Enrique Báez García, Víctor E. Báez,* and *José M. Muñoz Silva* for petitioner. *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Sequeira* and *Darío Padín Mimoso* for intervener.

PER CURIAM: This case deals with the rights of a holder of two mortgage notes payable to bearer concerning the sum deposited as fair value in a condemnation proceeding against a junior creditor who attached and acquired the mortgaged immovable.

In our per curiam opinion of May 24, 1966, *Arroyo Pratts* v. *Superior Court,* 93 P.R.R. 532 (1966), we set aside the order of the trial court of April 30, 1965 to the effect that "the notes in question have belonged at all times, since they were issued, to the former owner of the property, wherefore neither he nor the said Arroyo Pratts have any right or interest in the funds on deposit in this case." We said then that, "Pratts should have been given an opportunity to be represented by his attorney, and to bring his evidence, if he had any, in order to establish that he was the owner of the notes. . . ." We decided to "remand the case for a new hearing on this incident before another magistrate."

In the aforementioned hearing, according to petitioner, upon being required to present the evidence he alleged that, since it was presumed, he did not have to prove that he was the bona fide owner of the notes. The intervener reports that in said hearing petitioner based his contention on several presumptions established by law. The trial court on its order from which appeal is taken, and which affirms the previous one of April 30, 1966, states that "Arroyo Pratts having been requested, then, through his attorney, to present his evidence, spontaneously waived his right to do so, relying on the merits of his motion on want of jurisdiction and submitting the incident without any evidence to support his claim." From the foregoing we conclude that when petitioner was requested to present evidence to the effect that he was the bona fide owner of the aforementioned notes, he alleged that he relied

on the presumption of the legality of said instruments in his possession.

*Pereira* v. *Commercial Transport Co.*, 73 P.R.R. 313 (1952), dealt with a motion for the dissolution of an attachment on personal property mortgaged in security of two promissory notes subscribed in favor of a third person. In opposition it was alleged that the promissory notes were void, simulated, fraudulent, and without consideration, but in the hearing no evidence was presented to support this contention. We said that "the holder of a negotiable instrument ... is favored by the legal presumption that the promissory note is valid and that it was executed for a just and valuable consideration. ... Appellant herein, who was the one to allege that the promissory notes were simulated, fraudulent, and void, had the *onus probandi*. It was incumbent on him to show that said notes were simulated and fraudulent. ..."

■ In our opinion, petitioner complied with the provisions of our per curiam opinion of May 24, 1966 by invoking the presumption to which we referred in *Pereira, supra.* Therefore, the trial court erred in requiring petitioner to present additional evidence, and upon petitioner's refusal to do so, in affirming the above-mentioned order of April 30, 1969, without the junior creditor having adduced any evidence.

■ However, in view of the action taken by the trial court, the intervener has not had the opportunity to offer, allege, and prove that the promissory notes in this case are simulated, fraudulent, and void; in furtherance of justice the case is remanded to the trial court to grant intervener an opportunity to allege and prove what it may deem proper with regard to the promissory notes in question.